**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MICHAEL WESTON, #04120-043**                                                        **PETITIONER**

**VERSUS**                                                 **CIVIL ACTION NO. 5:09-cv-165-DCB-MTP**

**BRUCE PEARSON and
BUREAU OF PRISONS MAIL ROOM**                                        **RESPONDENTS**

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Weston, an inmate of the Bureau of Prisons (BOP), filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, on October 13, 2009. After reviewing the Petition and Petitioner's Responses [6, 9], the Court has come to the following conclusions.

<u>Background</u>

On January 10, 1996, this Court sentenced Petitioner to serve 176 months in the custody of the Bureau of Prisons, for the distribution of cocaine base, in criminal case number 3:95-cr-9-WS. The Petitioner is currently incarcerated at the Federal Correctional Complex (FCC), Yazoo City, Mississippi. Petitioner is asserting complaints against prison personnel regarding the handling of his outgoing mail.

Petitioner failed to submit any documentation from the BOP stating that he exhausted his administrative remedies as set forth in 28 C.F.R. § 542 (2009).[1] On October 16, 2009, the Court

---

[1] The Administrative Remedy Program within the Bureau of Prisons requires the inmate to first attempt an "informal resolution" of the issue with the staff; second to file an "initial filing" with the Warden of the institution; third, the inmate can appeal the Warden's decision to the Regional Director; and the final step of exhaustion is for the inmate to appeal the decision of the Regional Director to the Office of the General Counsel. 28 C.F.R. § 542 (2009).

entered an Order [3] directing Petitioner to state if he had exhausted his administrative remedies regarding his complaints with the BOP. Petitioner was also directed to provide copies of all responses received from prison officials. After an extension of the original deadline, Petitioner filed a Response [6] on November 13, 2009. Upon review of the response, the Court entered an Order [8] directing the Petitioner to show cause why this case should not be dismissed for his failure to exhaust his administrative remedies prior to filing this suit. On November 25, 2009, Petitioner filed his Response [9], wherein he states that he "would like to inform the court he is filing his administrative remedies now." *Resp*. [9], p.1. It appears, at best, Petitioner is in the process of exhausting his administrative remedies.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). A federal prisoner seeking injunctive relief pursuant to 28 U.S.C. § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir.1993)(*citing United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir.1990)(citations omitted)); *see also Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir.1977)(citations omitted) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case."). The Petitioner has failed to complete the administrative remedy process available to him prior to filing this request for habeas corpus relief. As such, this action will be dismissed for the

Petitioner's failure to exhaust his administrative remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994)(federal prisoners must exhaust "administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241"). The Court further finds that any request Petitioner may be asserting to hold this case in abeyance is denied. *Id., see also Cartwright v. Outlaw*, 293 Fed. App'x 324 (5th Cir. 2008); *Montoya v. Fleming*, 121 Fed. App'x 35, 36 (5th Cir. 2005).

## Conclusion

The Court concludes that Petitioner has failed to exhaust his available administrative remedies as required by law. As such, this Petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 will be dismissed, without prejudice.

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the  11th  day of January, 2010.


                                  s/David Bramlette
                                  UNITED STATES DISTRICT JUDGE